# 24-3122

## United States Court of Appeals
### *for the*
## Second Circuit

THOMAS COLE,

*Plaintiff-Appellant,*

– v. –

FOXMAR, INC., doing business as Education and Training Resources,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

## BRIEF FOR PLAINTIFF-APPELLANT

WILLIAM PETTERSEN
PETTERSEN LAW PLLC
*Attorneys for Plaintiff-Appellant*
1084 East Lakeshore Drive
Colchester, Vermont 05446
(802) 391-4005

# TABLE OF CONTENTS

Table of Contents ................................................................................. i-ii

Table of Authorities ......................................................................... iii-v

Jurisdictional Statement ...................................................................... 1

Statement of the Issues ........................................................................ 2

Statement of the Case .......................................................................... 2

    A.    Procedural History ................................................................ 2

    B.    Facts of the Case ................................................................... 3

Summary of Argument ......................................................................... 4

Legal Standard ..................................................................................... 6

Argument .............................................................................................. 8

    A.    THE DISTRICT COURT ABUSED ITS DISCRETION BY
           MAKING AN ACROSS-THE-BOARD CUT OF 30% TO
           PLAINTIFF'S ATTORNEY'S FEES .................................... 8

           1.    The proportionality between the attorney's fees and the
                  judgment was an erroneous basis to reduce attorney's fees ....... 9

           2.    Defendant's offer of judgment was an erroneous basis to reduce
                  attorney's fees ................................................................14

    B.    THE DISTRICT COURT ABUSED ITS DISCRETION BY
           MAKING AN ACROSS-THE-BOARD CUT OF 25% TO
           PLAINTIFF'S ATTORNEY'S FEES .................................... 16

           1.    Defendant's settlement offer and offer of judgment were
                  erroneous bases to reduce attorney's fees .................................16

2.   Plaintiff's exercise of his right to appeal was an erroneous basis to reduce attorney's fees.................................................18

3.   Plaintiff's motion to reconsider and amendments to the complaint were erroneous bases to reduce attorney's fees.......19

4.   Plaintiff's depositions and motions were erroneous bases to reduce attorney's fees.................................................20

5.   The proportionality between the attorney's fees and the judgment was an erroneous basis to reduce attorney's fees .... 21

C.   IN THE ALTERNATIVE, THE DISTRICT COURT ABUSED ITS DISCRETION BY ADJUSTING THE LODESTAR BASED ON FACTORS ALREADY INCLUDED IN THE LODESTAR CALCULATION ...............................................................22

D.   IN THE ALTERNATIVE, THE DISTRICT COURT ABUSED ITS DISCRETION BY ISSUING AN UNREASONABLE FEE AWARD .................................................................................23

Conclusion ..............................................................................24

Certificate of Compliance ......................................................25

ii

# TABLE OF AUTHORITIES

## **Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) ........................................................................ 7, 11-12

*Bank of Am., N.A. v. New England Quality Serv., Inc*., No. 5:16-CV-83, 2018 WL 11218914 (D. Vt. Aug. 2, 2018), *aff'd*, 790 F. App'x 314 (2d Cir. 2019) ............... 7

*Bruntaeger v. Zeller*, 147 Vt. 247, 515 A.2d 123 (1986) ........................................... 8

*Buckhannon Board & Care Home*, 532 U.S. 598, 121 S.Ct. 1835, 149 L. Ed. 2d 855 (2001) ................................................................................................... 9

*City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) ........................................................................................................ 7

*City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L. Ed. 2d 466 (1986) ..................................................................................................................15

*Cowan v. Prudential Ins. Co. of Am*., 935 F.2d 522 (2d Cir. 1991) ..................... 9-10

*Cowan v. Prudential Ins. Co. of Am*., 728 F.Supp. 87 (D.Conn.1990) (Winter, J., sitting by designation), *rev'd on other grounds*, 935 F.2d 522 (2d Cir.1991) .........17

*DiFilippo v. Morizio*, 759 F.2d 231 (2d Cir. 1985) ................................................... 9

*Dunlap-McCuller v. Riese Org*., 980 F.2d 153 (2d Cir. 1992) ........................... 11, 13

*Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022) ........................................................ 6

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) ........................................................12

*H.C. v. New York City Dep't of Educ*., 71 F.4th 120 (2d Cir.), *cert. denied*, 144 S. Ct. 490, 217 L. Ed. 2d 257 (2023) ............................................................... 7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................ 7, 13

*Houston v. Cotter*, 234 F. Supp. 3d 392 (E.D.N.Y. 2017) ........................................17

*Kwon v. Eaton*, 2010 VT 73, 188 Vt. 623, 8 A.3d 1043 (2010) ..............................10

*L'Esperance v. Benware*, 2003 VT 43, 175 Vt. 292, 830 A.2d 675 (2003)..... 7-8, 10

*Lilly v. City of New York*, 934 F.3d 222 (2d Cir. 2019) ...............................................7

*Lohman v. Duryea Borough*, 574 F.3d 163 (3d Cir. 2009) ......................................18

*Lyte v. Sara Lee Corp.*, 950 F.2d 101 (2d Cir. 1991) ...............................................14

*Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368 (S.D.N.Y. 2019)...................... 12-13

*Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985) ...................14

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144 (2d Cir. 2014) ...................6

*Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ..........................................10

*Miller v. City of Ithaca, New York*, No. 310CV00597BKSDEP, 2019 WL 1470249
(N.D.N.Y. Apr. 3, 2019) ........................................................................... 9-10

*Mobius v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:19-CV-00499, 2020 WL
5250704 (W.D.N.Y. Sept. 3, 2020) ........................................................................13

*Moriarty v. Svec*, 233 F.3d 955 (7th Cir. 2000).......................................................18

*Northern Heel Corp. v. Compo Indus., Inc.*, 851 F.2d 475 (1st Cir.1988)...............6

*Ortiz v. Regan*, 980 F.2d 138 (2d Cir. 1992) ...........................................................17

*Park Ave. Bank, N.A. v. Ziraat Bankasi*, 101 F.3d 1393 (2d Cir. 1996)....................6

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494
(2010) ................................................................................................................ 23-24

*Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47 (2d Cir. 1992), *certified
question withdrawn*, 984 F.2d 69 (2d Cir. 1993) .......................................................6

*Rozell v. Ross–Holst*, 576 F.Supp.2d 527 (S.D.N.Y. 2008) .....................................17

*Siracuse v. Program for the Dev. of Hum. Potential*, No. 07 CV 2205 CLP, 2012 WL 1624291 (E.D.N.Y. Apr. 30, 2012) ............................................................. 17-18

*Spooner v. Town of Topsham*, 2010 VT 71, 188 Vt. 293, 9 A.3d 672 (2010) .. 11-12

*Van Echaute v. L. Off. of Thomas Landis, Esq.*, No. 6:09-CV-1071 NAM GHL, 2011 WL 1302195 (N.D.N.Y. Mar. 31, 2011).................................................... 14-15

## Statutes and other Authorities

Black's Law Dictionary (7th ed.1999)........................................................................9

21 V.S.A. § 232 .................................................................................................10, 15

21 V.S.A. § 397 .................................................................................................10, 15

21 V.S.A. § 483 .................................................................................................10, 15

## JURISDICTIONAL STATEMENT

The district court has subject matter jurisdiction based on diversity of citizenship and the controversy exceeding $75,000 exclusive of costs and interest. 28 U.S.C. § 1332.

The Second Circuit has appellate jurisdiction based on final judgment. 28 U.S.C. § 1291. Following a jury trial, judgment was issued in favor of Plaintiff Thomas Cole ("Plaintiff") and against Defendant Foxmar, Inc. ("Defendant") for unlawful retaliation in the amount of $3,215,000. (Doc. 116). On March 22, 2022, the district court granted Defendant's Motion for a New Trial, in part, ordering a new trial on damages. (Doc. 145). Judgment at retrial was issued on December 20, 2022 in the amount of $55,000. (Doc. 207).

Following the exercise of his rights to appeal, Plaintiff renewed his Motion for Attorney's Fees and Costs, which had previously been postponed by the district court until the retrial and appeals were concluded. (A-71); *and* (Doc. 156, 230, 232). On October 29, 2024, the district court issued its Entry Order Granting in Part and Denying in Part Plaintiff's Renewed Motion for Attorney's Fees and Costs, ordering across-the-board cuts of 55% to Plaintiff's attorney's fees, which he herein appeals. (A-252).

1

## STATEMENT OF THE ISSUES

1. Did the district court abuse its discretion by making an across-the-board cut of 30% to Plaintiff's attorney's fees?

2. Did the district court abuse its discretion by making an across-the-board cut of 25% to Plaintiff's attorney's fees?

3. In the alternative, did the district court abuse its discretion by adjusting the lodestar based on factors already included in the lodestar calculation?

4. In the alternative, did the district court abuse its discretion by issuing an unreasonable fee award?

## STATEMENT OF THE CASE

### A. Procedural History

Plaintiff brought claims to trial against Defendant for unlawful retaliation in violation of the Vermont Occupational Safety and Health Act ("VOSHA") and the Vermont Earned Sick Time Act ("VESTA"). (A-252). The jury found Defendant liable for retaliation under both statutes and awarded Plaintiff damages of $215,943 in lost wages, $75,000 in emotional distress damages, and $3,000,000 in punitive damages. *Id.*

Following trial, Defendant filed a Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial, which the district court granted, in part, on March 22, 2022. (A-253). Subsequently, on July 1, 2022, the district court denied,

2

without prejudice, Plaintiff's Motion for Attorney's Fees and Costs filed on
October 4, 2021.  *Id.*

A retrial on damages was held on December 12-16, 2022.  *Id.*  The jury at
retrial awarded $35,000 in lost wages, $20,000 in emotional damages, and no
punitive damages.  *Id.*  Following retrial, Plaintiff filed a renewed Motion for
Attorney's Fees and Costs on January 24, 2023, which the district court denied,
without prejudice, deferring its ruling until after the appeal in the case.  (Doc. 230).

Following this Court's decision on appeal, Plaintiff filed a renewed Motion
for Attorney's Fees and Costs on January 12, 2024 for attorney's fees of
$240,536.75 and costs of $18,407.98.  (A-71).  On October 29, 2024, the district
court issued an Entry Order Granting in Part and Denying in Part Plaintiff's
Renewed Motion for Attorney's Fees and Costs, ordering Plaintiff to file a
Proposed Judgment in the amount of $107,381.59 of attorney's fees and
$18,407.98 of costs.  (A-267).

Plaintiff filed a Notice of Appeal on November 25, 2024 appealing the Order
and related Judgment.  (A-268).  The Judgment was issued on November 27, 2024
with satisfaction of the judgment stayed pending the appeal.  (A-269).

## B. Facts of the Case

Plaintiff's attorney's fees amounted to $240,536.75 through retrial.  (A-74,
178, 254).  The district court reduced those fees by $1,911 for administrative tasks,

which Plaintiff does not appeal. (A-260). Thereafter, the district court made cuts of 25% and 30%. (A-206-08). These 55% across-the-board cuts amounted to a $131,244.16 reduction. (A-266).

## SUMMARY OF ARGUMENT

The district court abused its discretion by cutting Plaintiff's attorney's fees by 55% because its cited reasons for doing so were each in violation of settled law in Vermont and the Second Circuit.

First, the district court abused its discretion by ordering an across-the-board cut of 30% of Plaintiff's attorney's fees. Both reasons cited by the district court were erroneous. The proportionality between the attorney's fees and the judgment is an improper basis to reduce attorney's fees under the law. Additionally, an offer of judgment is also an improper basis to reduce attorney's fees unless the underlying statute expressly incorporates attorney's fees as costs.

Second, the district court abused its discretion by ordering an additional across-the-board cut of 25% of Plaintiff's attorney's fees. Each reason cited by the district court was erroneous. The district court applied the same incorrect reasoning by further cutting attorney's fees based on the proportionality of the fees to judgment and based on the offer of judgment. In addition, the other reasons it cited were similarly erroneous. Plaintiff's exercise of his right to appeal following retrial was an erroneous basis to reduce attorney's fees because no fees were

4

sought for the appeal. Plaintiff's motion to reconsider, amendments to the complaint, depositions and motions were all improper bases to reduce attorney's fees because each were patently reasonable and the district court cited no reasons otherwise. Defendant's settlement offer and offer of judgment were improper bases to reduce attorney's fees pursuant to well-established case law prohibiting such considerations as erroneous

Third, in the alternative, the district court abused its discretion by adjusting the lodestar based on factors already included in the lodestar calculation. The district court cited to the proportionality between fees and judgment, and to Plaintiff's nonacceptance of the offer of judgment, to support both its 30% and 25% across-the-board cuts. Therefore, even if those considerations were somehow lawful, the district court abused its discretion by double-counting them in violation of the legal standard prohibiting adjustment of the lodestar based on factors already considered in the lodestar calculation.

Fourth, in the alternative, the district court abused its discretion by issuing an unreasonable fee award because its 55% in cuts caused the attorney's fees to be insufficient to induce a capable attorney to undertake the representation of a meritorious case.

For these reasons, Plaintiff appeals the district court's 55% across-the-board cuts to his attorney's fees amounting to a $132,295 reduction, and requests that

5

attorney's fees be awarded in the total amount of $238,625.75. Plaintiff does not appeal the $1,911 reduction made for administrative tasks.

## LEGAL STANDARD

"A district court's award of attorney's fees is reviewed for abuse of discretion." *Park Ave. Bank, N.A. v. Ziraat Bankasi*, 101 F.3d 1393 (2d Cir. 1996). "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022).

"State law creates the substantive right to attorney's fees" including the method of calculating the award. *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn*, 984 F.2d 69 (2d Cir. 1993) (citing *Northern Heel Corp. v. Compo Indus., Inc*., 851 F.2d 456, 475 (1st Cir.1988); *see also Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 147 (2d Cir. 2014) ("Our Court has recognized that in cases in which the right to attorneys' fees is governed by state law, New York's more liberal rule allowing reconstructed records should apply.").

"In calculating the award of attorney's fees, the court looks to the 'most useful starting point,' the 'lodestar figure,' by determining the number of hours

reasonably expended on the case multiplied by a reasonable hourly rate, and then adjusting that fee upward or downward based on various factors." *L'Esperance v. Benware*, 2003 VT 43, ¶ 22, 175 Vt. 292, 301, 830 A.2d 675, 683 (2003).

"In determining the first component of the lodestar—the number of hours reasonably expended—the district court may exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir.), *cert. denied,* 144 S. Ct. 490, 217 L. Ed. 2d 257 (2023) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). "But the district court also 'has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Id.* "The other component of the lodestar—the reasonable hourly rate—'is the rate a paying client would be willing to pay,'" *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), after 'considering all pertinent factors, including the *Johnson* factors.'" *Id.* (quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019).

"The party advocating a departure from the lodestar bears the burden of establishing that the adjustment is 'necessary to the determination of a reasonable fee.'" *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) (internal quotation marks omitted). "[W]hen an attorney's fees are in dispute, 'the record is often best served on the issue of reasonableness by the

receipt of expert testimony from independent counsel.'" *Bank of Am., N.A. v. New England Quality Serv., Inc.*, No. 5:16-CV-83, 2018 WL 11218914, at \*3 (D. Vt. Aug. 2, 2018), *aff'd*, 790 F. App'x 314 (2d Cir. 2019) (quoting *Bruntaeger v. Zeller*, 147 Vt. 247, 255, 515 A.2d, 123, 128 (1986)); *see also L'Esperance*, 2003 VT 43 at ¶ 28.

## ARGUMENT

Despite finding Plaintiff's attorney's fees had a reasonable hourly rate, were supported by an uncontradicted expert witness opining to their reasonableness, and that the records were sufficiently specific, the district court made across-the-board reductions of 25% and 30%, for a total reduction of 55%. (A-254-67). For the following reasons, these reductions were erroneous and unsupported in fact and law.

### A. THE DISTRICT COURT ABUSED ITS DISCRETION BY MAKING AN ACROSS-THE-BOARD CUT OF 30% TO PLAINTIFF'S ATTORNEY'S FEES.

The district court made a 30% across-the-board cut in fees amounting to a $72,161 reduction.[1] (A-265). In reducing fees by 30%, the district court held it "cannot find a reasonable paying client would be willing to spend $240,536.75 in attorney's fees to recover $55,000" and this would be "*a truly disproportionate*

---

[1] The district court also made a 25% across-the-board cut amounting to a $60,134 reduction, to be discussed in § (I)(C) *infra*. In total, these cuts amounted to $132,295, or 55% of Plaintiff's total attorney's fees.

*recovery . . ..*" (A-264-65) (emphasis added). The district court also reasoned "Plaintiff could have obtained a better recovery through acceptance of Defendant's offer of judgment, which would have been more than six times the amount Plaintiff ultimately recovered." (A-265). For the following reasons, the district court abused its discretion in making this 30% reduction based on the proportionality of fees to the judgment and Defendant's offer of judgment.

### 1. *The proportionality between the attorney's fees and the judgment was an erroneous basis to reduce attorney's fees.*

Neither Vermont nor federal law allows the reduction of attorney's fees based on a lack of proportionality of attorney's fees to the judgment. As the United States Supreme Court noted in *Buckhannon Board & Care Home*, a "prevailing party" is generally defined as a "'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L. Ed. 2d 855 (quoting Black's Law Dictionary 1145 (7th ed.1999)).

The Second Circuit has affirmed that "[a] presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award." *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 526 (2d Cir. 1991) (citing *DiFilippo v. Morizio,* 759 F.2d 231, 235 (2d Cir. 1985)); *see also Miller v. City of Ithaca, New York*, No. 310CV00597BKSDEP, 2019 WL 1470249, at *2 (N.D.N.Y. Apr. 3, 2019) ("a party's degree of success cannot be reduced to the

amount of damages obtained."); *and Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes").  The Second Circuit noted in *Cowen* "that proportionality is authorized neither by congress nor by the Supreme Court." *Id.*

Vermont law concurs with the Second Circuit on the issue.  *See Kwon v. Eaton*, 2010 VT 73, ¶ 20, 188 Vt. 623, 627–28, 8 A.3d 1043, 1048–49 (2010) ("The question, therefore, is not whether the attorney's fee award is proportional to the damages, but rather whether the fee award is reasonable given the demands of the case."); *and L'Esperance*, 2003 VT 43 at ¶ 27 ("As the trial court correctly noted, this legislative intent would be frustrated if the courts were required to measure a fee award against the limited amount of recoverable damages in a consumer fraud claim.").

Furthermore, the statutes awarding Plaintiff attorney's fees in this case place no proportionality limits and instead direct that the prevailing employee be entitled to his or her reasonable attorney's fees.  *See* 21 V.S.A. § 232 (VOSHA); 21 V.S.A. § 483(l) (VESTA, incorporating 21 V.S.A. § 397); *see also Cowan*, 935 F.2d at 526 ("The language used by congress in the statute is inclusive and imposes only two conditions on the awarding of attorney's fees—that the plaintiff be a 'prevailing party' and that the award be 'reasonable'").

10

Furthermore, the Second Circuit has ruled on a case markedly similar to the present matter, where it held "[t]he district court's reduction was especially inappropriate in the instant case, because except for the court's grant of defendant's motion for a new trial, appellant would have achieved complete success as a result of the first trial." *Dunlap-McCuller v. Riese Org*., 980 F.2d 153, 160 (2d Cir. 1992). Such was the exact case here where Plaintiff succeeded on both claims at trial and obtained a $3.215 million verdict at the first trial. Hence, as stated in *Dunlap-McCuller*, a reduction in attorney's fees based on proportionality equating to an alleged lack of success is "especially inappropriate in the instance case." *Id.*

If the aforementioned were somehow insufficient, it is also worth noting the district court misapplied the "reasonable paying client" standard, reasoning that it "cannot find a reasonable paying client would be willing to spend $240,536.75 in attorney's fees to recover $55,000" and this would be "*a truly disproportionate recovery . . ..*" (A-264-65) (emphasis added). Such reasoning was erroneous because it considered proportionality and because it related to the reasonableness of the hours, not the reasonableness of the hourly rate. *See Spooner v. Town of Topsham*, 2010 VT 71, ¶ 14, 188 Vt. 293, 300, 9 A.3d 672, 677 (2010).

In *Spooner*, the Vermont Supreme Court reversed the trial court's denial of attorney's fee because:

> First, *Arbor Hill* involved determining the proper hourly rate for out-of-district counsel, while this case is about whether certain hours

11

expended pretrial are compensable. Second, *Arbor Hill* involved federal law and departed from Vermont law when it abandoned the traditional lodestar analysis employed in Vermont. Third, to the extent that *Arbor Hill* might be applicable by analogy, the trial court erred when it used the one new factor introduced by *Arbor Hill*— consideration that a reasonable client would wish to pay the lowest possible hourly rate to litigate the case effectively—as the sole basis for denying attorney's fees. To the contrary, in *Arbor Hill*, the United States Court of Appeals for the Second Circuit explicitly stated that this consideration is just one factor "among others" that courts should "bear in mind" when determining reasonableness. *Id.* Finally, the trial court here offered no explanation as to why a reasonable client would not be willing to pay for the interlocutory appeal in this case, and we do not find any evidence in the record to support such a conclusion. For these reasons, we hold that plaintiff must be compensated for the $38,491.71 in fees and costs associated with the interlocutory appeal.

*Id.* at ¶ 14.

Just as in *Spooner*, the district court misapplied the "reasonable paying client" standard. Even worse than in *Spooner*, the district court used the standard in relation to the proportionality of the fees to judgment and reasoned a client would not want to pay such fees in hindsight based on proportionality. *See supra*; *and Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted)) ("[T]he reasonableness of hours claimed is not judged on 'whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'").

Finally, while the aforementioned law is clear on these issues, it is worth noting that the citations the district court used in support of its decision also fail to support its 30% reduction. First, the district court cited to *Mango v. BuzzFeed,*

12

*Inc.*, 397 F. Supp. 3d 368, 377 (S.D.N.Y. 2019). (A-265). In spite of the aforementioned law to the contrary, even if such proportionality reduction were permissible, the Court in *Mango* only reduced fees by 5% due to the proportionality difference between fees and judgment. *Mango*, 397 F.Supp. 3d at 377. The other 25% reductions in *Mango* were for the counsel's complete failure to create time entries until after trial, and due to non-legal tasks. *Id.* at 376-77. The other two cases cited by the district court were similarly out of place. *See Mobius v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:19-CV-00499, 2020 WL 5250704, at *2 (W.D.N.Y. Sept. 3, 2020) (50% reduction due to failure to prevail on the underlying motion for which the fees related); *and Hensley*, 461 U.S. at 436 (focusing on success of claims and not supporting reduction based on proportionality of fees to judgment); *see also Dunlap-McCuller*, 980 F.2d at 160 (discussing *Hensley* and holding "this Court has consistently rejected the notion that an award of attorneys' fees be proportional to the amount of damages recovered.").

In this case, Plaintiff was successful at the first trial and had to engage in a retrial as a result of the district court granting Defendant's motion for a new trial on damages. The district court cited no reasons why Plaintiff's attorney's fees were unreasonable in their amount given the demands of the case in support of its 30% reduction. Instead, it improperly reduced fees based on the proportionality of the

attorney's fees to the judgment. The only other reason cited by the district court in support of its 30% reduction related to Defendant's offer of judgment, which is an erroneous consideration for the reasons now to be discussed.

### 2. *Defendant's offer of judgment was an erroneous basis to reduce attorney's fees.*

The district court's second reason for its 30% reduction of fees was its finding that, "[i]t is undisputed that Plaintiff could have obtained a better recovery through acceptance of Defendant's offer of judgment, which would have been more than six times the amount Plaintiff ultimately recovered." (A-265). For the following reasons, the district court abused its discretion by cutting attorney's fees based on Defendant's offer of judgment.

With respect to offers of judgment, the Supreme Court has decided the issue, holding attorney's fees are only impacted by an offer of judgment "where the underlying statute defines 'costs' to include attorney's fees . . .." *Marek v. Chesny*, 473 U.S. 1, 9, 105 S. Ct. 3012, 3016, 87 L. Ed. 2d 1 (1985). The Second Circuit has affirmed the reasoning of *Marek*. *See, e.g., Lyte v. Sara Lee Corp.*, 950 F.2d 101, 103 (2d Cir. 1991) ("fees are awarded as 'costs' under a Rule 68 offer of judgment only if the underlying statute (here section 2000e–5(k)) permits attorneys' fees as part of 'costs' . . .."); *see also Van Echaute v. L. Off. of Thomas Landis, Esq.*, No. 6:09-CV-1071 NAM GHL, 2011 WL 1302195, at *2 (N.D.N.Y. Mar. 31, 2011) ("[T]he Court held that 'costs' includes attorney's fees only if such

14

fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised.").

Based on the aforementioned law, the district court erred by reducing attorney's fees based on Plaintiff declining Defendant's offer of judgment. In the present case, the statutes at issue each distinguished attorney's fees as separate and apart from costs. 21 V.S.A. § 232 (VOSHA); *and* 21 V.S.A. § 483(l) (VESTA, incorporating 21 V.S.A. § 397). As such, Rule 68 in no way applied to reduce fees. *Lyte*, 950 F.2d at 103.

Additionally, the offer of judgment was made by Defendant on November 18, 2022, less than one month before the second trial. (A-253). Thus, even if the aforementioned law prohibiting consideration of the offer of judgment somehow did not apply, the district court's reduction was nonetheless erroneous under the circumstances. *See, e.g., City of Riverside v. Rivera,* 477 U.S. 561, 580 n. 11, 106 S.Ct. 2686, 91 L. Ed. 2d 466 (1986) ("[T]he Rule 68 offers were made right before trial . . . Plaintiffs' counsel could not have foreseen that Defendants would make a settlement offer at the eleventh hour, and thus were ethically bound to prepare adequately for trial."). Plaintiff had already incurred the vast majority of attorney's fees at the time the offer of judgment was made less than one month before the second trial. The district court also failed to consider the amount of Plaintiff's attorney's fees and costs when comparing the offer of judgment to the judgment

15

obtained. Further, Plaintiff's decision to decline Defendant's offer of $375,000 was particularly reasonable considering the jury awarded $3.215 million at the first trial. (A-252-53).

For each of these reasons, the district court abused its discretion in reducing Plaintiff's attorney's fees by 30% based on the proportionality between the attorney's fees and judgment and Defendant's offer of judgment.

## B. THE DISTRICT COURT ABUSED ITS DISCRETION BY MAKING AN ACROSS-THE-BOARD CUT OF 25% TO PLAINTIFF'S ATTORNEY'S FEES.

The district court cut fees by 25% amounting to a $60,134 reduction. (A-265-66). For the following reasons, each reason cited by the district court in support of its 25% fee cut was erroneous.

### 1. Defendant's settlement offer and offer of judgment were erroneous bases to reduce attorney's fees.

First, the district court held that, "[a]lthough the case spanned several years, Plaintiff's strategic decisions regarding how to pursue the case were responsible for much of that time period." (A-262). In support of this contention, the district court reasoned that "Plaintiff arguably needlessly prolonged" litigation by declining Defendant's settlement offer and offer of judgment and reduced the fee award, in part, on that basis. *Id.* ("Defendant's settlement offer was attractive enough . . . [and its] offer of judgment dwarfed Plaintiff's ultimate recovery. The court does not reduce the fee award solely on that basis . . . .").

16

The district court's 25% reduction based on Defendant's offer of judgment was erroneous for the same reasons discussed *supra* in § (I)(B). The district court's consideration of Defendant's settlement offer after the first trial and before the second trial was also erroneous for the following reasons.

With respect to settlement offers, "[a] district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded." *Ortiz v. Regan*, 980 F.2d 138, 140 (2d Cir. 1992)). "Absent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award.'" *Id.* at 141 (quoting *Cowan v. Prudential Ins. Co. of Am.*, 728 F.Supp. 87, 92 (D.Conn.1990) (Winter, J., sitting by designation), *rev'd on other grounds*, 935 F.2d 522 (2d Cir.1991)). There exists "no authority for the proposition that a court may consider a prior settlement offer as a relevant comparator for determining the prevailing party's degree of success . . .." *Houston v. Cotter*, 234 F. Supp. 3d 392, 401 (E.D.N.Y. 2017); *see also Rozell v. Ross–Holst*, 576 F.Supp.2d 527, 542 (S.D.N.Y. 2008) ("Nor is it appropriate to reduce the lodestar on the grounds that the plaintiff might have settled earlier and still obtained a substantial recovery at that time."); *and Siracuse v. Program for the*

17

*Dev. of Hum. Potential*, No. 07 CV 2205 CLP, 2012 WL 1624291, at *21

(E.D.N.Y. Apr. 30, 2012).[2]

Based on the aforementioned law, it is clear the district court erred in

reducing fees based on Plaintiff's decision to decline Defendant's settlement offer.

Moreover, the district court itself ruled against Defendant when it attempted to

enforce an alleged settlement agreement based on that offer. (Doc. 176). Notably,

this was only months prior to the second trial. *Id.* The litigation had been ongoing

for nearly four years at that point, and the parties had already gone through the

entire first trial, wherein Plaintiff was successful and obtained a $3.215 million

verdict. Therefore, Defendant's settlement offer prior to the second trial in no way

negates all of Plaintiff's attorney's fees up to that point, nor does it negate the

attorney's fees performed at the second trial since it was his right to decline the

offer.

### 2. *Plaintiff's exercise of his right to appeal was an erroneous basis to reduce attorney's fees.*

Second, the district court abused its discretion by considering Plaintiff's

exercise of his right to appeal as a reason to reduce his fee. (A-263). Plaintiff's

fee request only related to hours expended through trial, as authorized by statute,

---

[2] In support of its consideration of Defendant's settlement offer, the district court cited to Third and Seventh Circuit decisions that contradict the Second Circuit's position on the issue. (A-265) (citing *Lohman v. Duryea Borough*, 574 F.3d 163, 167-68 (3d Cir. 2009); *and Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000)).

and did not seek any fees for his appeal of the district court's reversal of the first trial.  (A-74).  The appeal occurred only after the retrial, and Plaintiff should not be penalized for exercising his right to appeal.  Neither the Second Circuit nor Supreme Court held Plaintiff's appeal to be frivolous in any way, and the appeal was his right under the law.  As such, the district court abused its discretion in finding Plaintiff's appeal somehow demonstrated unreasonable time expended on the case.  (A-263-64).

### 3. *Plaintiff's motion to reconsider and amendments to the complaint were erroneous bases to reduce attorney's fees.*

Third, the district court abused its discretion by issuing its 25% reduction based on Plaintiff's motion to reconsider and amendments to the complaint.  (A-263). [3]  The motion to reconsider was filed after the district court reversed the $3.215 million verdict at trial, so a reasonable paying client would undoubtedly be willing to pay $8,000 to file a motion to reconsider, which, if successful, would uphold the original verdict and avoid the need for a retrial and subsequent appeal.  Moreover, even if approximately 40 hours for a motion to reconsider were somehow unreasonable, the $8,000 in fees for that motion are nowhere near the $60,134 reduction.

---

[3] While the district court does not mention the cost of the motions to amend the complaint, those motions took only 17.9 hours, or $3,669.50, in attorney's fees. (A-32-37, 48) (entries 9/13 – 9/20/18, 11/5 - 11/10/18, 1/18 - 1/28/19, 5/29/19, and 11/26 - 11/27/19).

19

With respect to the amended complaints, the district court granted each of those motions. (Doc. 17, 21, 39). Thus, the district court abused its discretion by cutting 25% of Plaintiff's attorney's fees, totaling $60,134 in reductions, based on those successful motions to amend, which amounted to only $3,669.50 in fees.

### 4. *Plaintiff's depositions and motions were erroneous bases to reduce attorney's fees.*

Fourth, the district court mentioned in passing that it considered "[t]he fact that Plaintiff did not use every witness deposed at trial or was not successful in every motion," although that "does not necessitate a finding that the hours expended were unreasonable . . .." (A-262-63).

This was incorrect. Each of the witnesses Plaintiff called for deposition were in fact witnesses at trial, and the district court cited nothing to contradict that fact.[4]

Further, with respect to motions, the only motion in which Plaintiff lost was the motion to reconsider (Doc. 154), excluding minor pretrial motions in limine (Doc. 103, 192). For the reasons already stated, that motion to reconsider only

---

[4] This issue was not raised in the underlying briefings because Defendant made no such contention. Plaintiff called two depositions in the case: Bernadette Brookes and Mari Trybendis, both of whom were called as witnesses at trial. (Doc. 107). Ms. Trybendis became unavailable the day prior and her deposition transcript was read into trial. *Id*. In contrast, Defendant called six depositions in the case: Thomas Cole, Alicia Grangent, Brian Lacharite, Paige Howell, and Kyle Burditt. (Doc. 41, 47, 53). Accordingly, the district court's reliance on this issue, if any, was erroneous.

amounted to $8,000 in fees.  In addition to his success on all other motions, Plaintiff was also successful in his oppositions to Defendant's motion to dismiss, motion for summary judgment, motion for directed verdict, motions for judgment on the pleadings, motion to subpoena jurors, motion to set aside the verdict, motion for judgment as a matter of law, and motion to enforce settlement agreement. (Doc. 21, 39, 62, 63, 72, 74, 107, 132, 145, 176, 199).  Therefore, there is no support for any finding of unreasonableness in Plaintiff's motion practice.  Thus, even if the one motion cited by the district court, the motion to reconsider, were somehow unreasonable, it in no way supports the 25% across-the-board reduction of $60,134.

For these reasons, the district court abused its discretion in reducing Plaintiff's attorney's fees by 25% based on its incorrect finding that he had deposed witnesses not used at trial or had limited success in motion practice.

### 5. *The proportionality between the attorney's fees and the judgment was an erroneous basis to reduce attorney's fees.*

Fifth, similar to its 30% reduction, the district court improperly considered proportionality of the fees to the judgment obtained when making its 25% cut.  (A-263) ("A reasonable client would also question the need for years of litigation to achieve a relatively modest recovery.").  In finding the years of litigation, i.e. amount of fees expended, were not warranted for "a relatively modest recovery,"

21

the district court applied an improper proportionality reasoning.  This is an erroneous basis for reduction in fees for the reasons stated *supra* in § (I)(B)(1).

For the aforementioned reasons, the district court abused its discretion by reducing Plaintiff's attorney's fees by 25%.

## C. IN THE ALTERNATIVE, THE DISTRICT COURT ABUSED ITS DISCRETION BY ADJUSTING THE LODESTAR BASED ON FACTORS ALREADY INCLUDED IN THE LODESTAR CALCULATION.

For the reasons previously discussed, the district court abused its discretion in making its 25% and 30% cuts to Plaintiff's attorney's fees.  However, even if those reductions were somehow proper, the combination of the two was nonetheless an abuse of discretion because the district court double-counted the same factors in both reductions.

"[A] court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so effectively double-counts those factors." *Millea*, 658 F.3d at 167.  In this case, the district court double-counted the same factors of proportionality and offer of judgment.  (A-262) ("Defendant's offer of judgment dwarfed Plaintiff's ultimate recovery."); (A-263) ("A reasonable client would also question the need for years of litigation to achieve a relatively modest recovery."); (A-264) ("Although Plaintiff was successful on both of his liability claims at trial, his ultimate success was modest . . .."); (A-265-66) ("The court cannot find a reasonable paying client would be willing to spend $240,536.75 in

22

attorney's fees to recover $55,000.00."); *and* (A-266) ("It is undisputed that Plaintiff could have obtained a better recovery through acceptance of Defendant's offer of judgment . . .."); *see also* §§ (B)(1) and (C)(5) *supra*. Thus, even if these rationales—which are against the law of Vermont and this Circuit for the reasons previously discussed—were somehow found to be proper, the 30% reduction must be reversed because it is based upon the same factors already used in the 25% reduction, thereby violating the prohibition on double-counting factors already used in the lodestar calculation. *See Millea*, 658 F.3d at 167.

### D. IN THE ALTERNATIVE, THE DISTRICT COURT ABUSED ITS DISCRETION BY ISSUING AN UNREASONABLE FEE AWARD.

In the event the aforementioned reasons were somehow insufficient to warrant reversal of the district court's order, the "reasonable fee" standard also requires reversal.

While the aforementioned reasons make clear reversal is necessary, the district court's 55% across the board reduction also violates the principle requirement that "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 1672, 176 L. Ed. 2d 494 (2010). Here, Plaintiff's claims were deemed meritorious at trial, and by the district court when it denied Defendant's motion to set aside the verdict of liability. (A-252-53)

23

As such, Plaintiff is entitled to "a fee that is sufficient to induce a capable attorney to undertake the representation." *Perdue*, 559 U.S. at 552. The district court's 55% cut to attorney's fees, amounting to a $132,295 reduction, despite meritorious claims, in no way incentivizes attorneys in Vermont moving forward to bring such claims, earning less than half of their hourly rate, only if they win, and receiving nothing if they lose. This, in addition to the significant burden of litigation costs that attorneys must often make in such cases, only to be recouped if successful in bringing the claims.

### CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that this Court REVERSE the district court's decision denying, in part, Plaintiff's Motion for Attorney's Fees and GRANT the requested fees minus the $1,911 of fees properly reduced by the district court.

Respectfully submitted this 4th day of March, 2025.

By: /s/ William Pettersen, Esq.
William Pettersen, Esq.
Pettersen Law PLLC
1084 E. Lakeshore Dr.
Colchester, VT 05446
(802) 477-2780
pettersenlaw@gmail.com
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This brief contains 5,561 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), and complies with the volume limitation of Federal Rule of Appellate Procedure 32(e) and Local Rule 32.1. This brief was prepared in a proportionally spaced typeface, Times New Roman with size 14 font, and complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6).

Respectfully submitted this 4th day of March, 2025.

By: /s/ William Pettersen, Esq.
William Pettersen, Esq.
Pettersen Law PLLC
1084 E. Lakeshore Dr.
Colchester, VT 05446
(802) 477-2780
pettersenlaw@gmail.com
*Attorney for Plaintiff-Appellant*

25