# 24-3122

---

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## for the

## 𝔖𝔢𝔠𝔬𝔫𝔡 𝔔𝔦𝔯𝔠𝔲𝔦𝔱

◆ ❍ ◆

THOMAS COLE,

*Plaintiff-Appellant,*

– v. –

FOXMAR, INC. D/B/A EDUCATION AND TRAINING RESOURCES,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

---

## **BRIEF OF DEFENDANT-APPELLEE**

---

Paul J. Buehler, Esq.
Michael D. Billok, Esq.
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendant-Appellee*
268 Broadway
Saratoga Springs, NY 12866
Telephone: (518) 533-3000

# TABLE OF CONTENTS

Page

RULE 26.1 CORPORATE DISCLOSURE STATEMENT ....................................v

ISSUES PRESENTED FOR REVIEW ...................................................1

SUMMARY OF ARGUMENT ..........................................................1

STANDARD OF REVIEW ...........................................................2

ARGUMENT .....................................................................4

I.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN
     REDUCING PLAINTIFF'S ATTORNEY'S FEES BY 30% TO AVOID
     A WINDFALL, TO RENDER THE FEE AWARD REASONABLE,
     AND TO INCENTIVIZE PARTIES TO ACT REASONABLY IN FEE-
     SHIFTING CASES ..........................................................4

     A.   Plaintiff Misconstrues the District Court's Reasoning .........................4

     B.   The District Court Did Not Abuse Its Discretion in Considering
          Plaintiff's Limited Degree of Success....................................5

     C.   The District Court Properly Considered Substantial Settlement
          Offers..................................................................8

II.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN
     REDUCING PLAINTIFF'S ATTORNEY'S FEES 25% DUE TO
     UNREASONABLE EXPENDITURE OF TIME ......................................11

     A.   Plaintiff's Attorney's Fees Are Inflated ..............................11

III. THE DISTRICT COURT DID NOT DOUBLE-COUNT ANY
     FACTORS IN THE LODESTAR..............................................16

IV.  THE DISTRICT COURT'S AWARD OF ATTORNEY'S FEES IS
     NOT UNREASONABLE ...................................................17

CONCLUSION .................................................................18

CERTIFICATE OF COMPLIANCE .................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
522 F.3d 182 (2d Cir. 2008) ..........................................................3, 17

*Asseng v. Beisel*,
2025 U.S. App. LEXIS 4838 (2d Cir. Mar. 3, 2025) ..........................................2

*Bidwell & Bidwell*,
173 Or App 288, 21 P3d 161 (2001) ....................................................9

*Blum v. Stenson*,
465 U.S. 886 (1984).........................................................................3

*Burlington Free Press v. Univ. of Vt.*,
172 Vt. 303 (2001)..........................................................................3

*Centrella v. Ritz-Craft Corp. of Penn., Inc.*,
2018 WL 840041 (D. Vt. Feb. 12, 2018) ...............................................3

*Dunlap-McCuller v Riese Org.*,
980 F2d 153 (2d Cir 1992) .................................................................7

*Fields v. Kijakazi*,
24 F.4th 845 (2d Cir. 2022)................................................................2

*Hensley v. Eckerhart*,
461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) .......................................5

*Johnson v. Georgia Highway Exp., Inc.*,
488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v.
Bergeron*, 489 U.S. 87 (1989) .............................................................4

*Kirsch v Fleet St., Ltd.*,
148 F.3d 149 (2d Cir. 1998) .........................................................4, 11, 13

*Kwon v. Eaton*,
188 Vt. 623 (2010)..........................................................................3

*Lewis v. Triborough Bridge & Tunnel Auth.*,
No. 97-CV-0607, 2001 WL 1898318 (S.D.N.Y. Aug. 6, 2001) ......................5, 6

21339105.v5-6/3/25

*Lilly v. City of New York*,
934 F.3d 222 (2d Cir. 2019) ................................................................2

*Lohman v. Duryea Borough*,
574 F.3d 163 (3d Cir. 2009) ................................................................9

*Lore v. City of Syracuse*,
670 F.3d 127 (2d Cir. 2012) ................................................................2

*Lunday v. City of Albany*,
42 F.3d 131 (2d Cir. 1994) ....................................................4, 11, 13

*Mango v. BuzzFeed, Inc.*,
397 F. Supp. 3d 368 (S.D.N.Y. 2019) ................................................6

*Marek v. Chesny*,
473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)................................9

*Martinec v. Party Line Cruise Co.*,
350 F. App'x 406 (11th Cir. 2009)......................................................12

*Master-Halco, Inc. v. Scillia, Dowling & Natarelli*,
LLC, 739 F. Supp. 2d 125 (D. Conn. 2010) ......................................10

*Millea v. Metro-North R.R.*,
658 F.3d 154 (2d Cir. 2011) ................................................8, 16, 17

*Monsour v. New York State Off. for People with Developmental Disabilities*,
No. 113-CV-00336, 2018 WL 3349233 (N.D.N.Y. July 9, 2018)......9

*Moriarty v. Svec*,
233 F.3d 955 (7th Cir. 2000) ................................................................9

*Ortiz v. Regan*,
980 F.2d 138 (2d Cir. 1992) ..............................................................15

*Piccolo v. Top Shelf Prods., Inc.*,
541 F. Supp. 3d 256 (E.D.N.Y. 2021) ................................................12

*Sands v. Runyon*,
28 F.3d 1323 (2d Cir. 1994) ..............................................................11

*Uphoff v. Elegant Bath, Ltd.*,
   176 F.3d 399 (7th Cir. 1999) ...............................................................................12

*Vastano v. Killington Valley Real Estate*,
   187 Vt. 628 (2010) ...............................................................................................4

iv

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Foxmar, Inc. does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

## ISSUES PRESENTED FOR REVIEW

1. Following re-trial, Plaintiff's counsel submitted a request for attorney's fees. After briefing and a review of the relevant time records, the District Court ordered a reduction of attorney's fees of 25% due to the unnecessary and excessive expenditure of time spent on the case. Was that an abuse of discretion?

2. The District Court then ordered a further reduction of Plaintiff's attorney's fees by 30% to avoid Plaintiff's counsel receiving a windfall, to render the fee award reasonable, and to incentivize both plaintiffs and defendants to act reasonably in fee-shifting cases. Was that an abuse of discretion?

3. Did the District Court reduce Plaintiff's award of attorney's fees by considering factors already included in the lodestar calculation? If so, was this an abuse of discretion?

4. Was the award of attorney's fees reasonable?

## SUMMARY OF ARGUMENT

Foxmar's argument is straightforward. The standard of review is abuse of discretion, and the record is clear that based on the evidence before it and Vermont state law, the District Court did not abuse its discretion in reducing the award of attorney's fees provided to Plaintiff's counsel.

## STANDARD OF REVIEW

This Court reviews an award of attorney's fees only for abuse of discretion.

*Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012); *Asseng v. Beisel*, 2025

U.S. App. LEXIS 4838, *2 (2d Cir. Mar. 3, 2025); *Lilly v. City of New York*, 934

F.3d 222, 234 (2d Cir. 2019). As the Court has explained:

> A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.

*Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022), *quoting*, *Vincent v. Comm'r of*

*Social Security*, 651 F.3d 299, 302 (2d Cir. 2011) (internal quotation marks omitted).

This Court has elaborated, "abuse of discretion—already one of the most

deferential standards of review—takes on special significance when reviewing fee

decisions because the district court, which is intimately familiar with the nuances of

the case, is in a far better position to make decisions than is an appellate court, which

must work from a cold record." *Lore*, 670 F.3d at 175 (citations, internal quotation

marks, and brackets omitted); *see also*, *Asseng*, 2025 U.S. App. LEXIS 4838, at *2;

*Lilly*, 934 F.3d at 234 ("As with all aspects of our fee-shifting jurisprudence, we

afford district courts broad discretion in awarding attorneys' fees because they are

much closer to the details of each individual case and can better determine what is

reasonable and appropriate in the fee calculus for the particular case.").

2

But the standard of review does not end there. Because the two claims at issue were claims under Vermont state law, the District Court has "substantial discretion in deciding what constitutes a reasonable fee amount under the circumstances of a particular case." *Centrella v. Ritz-Craft Corp. of Penn., Inc.*, 2018 WL 840041, *4 (D. Vt. Feb. 12, 2018); *see also*, *Burlington Free Press v. Univ. of Vt.*, 172 Vt. 303, 310 (2001) ("[W]e bear in mind that the single most important element is the discretion of the trial judge, who has had a continuing relationship with the parties throughout the suit.") (internal quotations omitted). "The adequacy of a trial court's award of attorney's fees, however, depends on the unique facts of the underlying case. We accordingly afford a trial court's determination as to the amount of an award great discretion and will disturb it only if the court has abused that discretion." *Kwon v. Eaton*, 188 Vt. 623, 626 (2010), *citing Vastano v. Killington Valley Real Estate*, 187 Vt. 628 (2010).

Both federal and Vermont law contemplate the initial use of a lodestar figure as a starting point, resulting from the number of hours reasonably expended on the case multiplied by a reasonable hourly rate, which may then be adjusted upwards or downwards based on various factors. *See Blum v. Stenson*, 465 U.S. 886, 889 (1984) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."); *Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

3

*Cty. of Albany*, 522 F.3d 182 (2d Cir. 2008); *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *Vastano*, 187 Vt. at 629.

When calculating the lodestar, "[h]ours that are excessive, redundant, or otherwise unnecessary[] are to be excluded; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Kirsch v Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citations omitted). "[The Second Circuit] do[es] not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

## ARGUMENT

I.  **The District Court Did Not Abuse Its Discretion in Reducing Plaintiff's Attorney's Fees by 30% To Avoid a Windfall, To Render the Fee Award Reasonable, and To Incentivize Parties to Act Reasonably in Fee-Shifting Cases**

A. Plaintiff Misconstrues the District Court's Reasoning

At the outset, Plaintiff incorrectly interprets the District Court's reasoning for the 30% reduction of his attorney's fees. Specifically, he claims the reduction was due to the proportionality of the awarded fees to the judgement Plaintiff obtained in the underlying case, and because, in hindsight, Plaintiff could have received a much greater recovery had he accepted a settlement in the form of Defendant's offer of

judgment. Appeal at 8-9.[1] That is not the case. In its own words, the District Court ordered a 30% reduction of Plaintiff's attorney's fees "to avoid a windfall, to render the fee award reasonable, and to incentivize both plaintiffs and defendants to act reasonably in fee-shifting cases." A-265.

B. The District Court Did Not Abuse Its Discretion in Considering Plaintiff's Limited Degree of Success

While Plaintiff takes issue with a comparison of his attorney's fees to his ultimate recovery, district courts may consider the "results obtained" in determining an upward or downward adjustment of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436, 103 S. Ct. at 1941. Results achieved may be measured by the ultimate award as compared to the amount requested at trial, and the ultimate award as compared to the amount of fees requested. *See Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97-CV-0607, 2001 U.S. Dist. LEXIS 11205,

---

[1] Citations to "Appeal at __," refer to the Brief for Plaintiff-Appellant dated March 4, 2025, with __ denoting the page number.

*14-15 (S.D.N.Y. Aug. 6, 2001); *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 377 (S.D.N.Y. 2019).

Here, the jury awarded significantly less than Plaintiff requested at trial, with the ultimate award totaling $55,000 compared to the approximately $1.7 million he requested. A-227. That disparity becomes even greater after considering Defendant's Rule 68 Offer of Judgment, which resulted in Plaintiff having to pay approximately $12,000 in costs to Defendant, resulting in a net recovery of just $43,000. A-17, A-20.

While Plaintiff argues the District Court improperly relied upon the ratio of his recovery to his attorney's fees, the District Court specifically acknowledged that "[e]ven if no direct correlation between the fees and the amount recovered is required, a truly disproportionate recovery does not satisfy VESTA's and VOSHA's requirements that any fee award by 'reasonable.'" A-265. The District Court mentioned the ratio of the fee request to Plaintiff's recovery in passing, but its decision focused on Plaintiff's degree of success. In that regard, the District Court relied upon the reduction of Plaintiff's damages and failure of his punitive damages claims on retrial. A-264 ("Although Plaintiff is correct that he was successful on his two claims at trial, his recovery of compensatory damages was reduced and his punitive damages claim failed completely on retrial."); *see Lewis*, 2001 U.S. Dist. LEXIS 11205, at *14-15 ("The Court's ruling on the unavailability of punitive

damages as a matter of law further demonstrates plaintiff's limited or partial success).

Plaintiff also takes issue with the District Court's consideration of his success (or lack thereof) on re-trial. Specifically, he points to *Dunlap-McCuller v. Riese Org.* to argue that success at the first trial should entitle him to a full award of attorney's fees. Appeal at 11. Plaintiff's reliance on *Dunlap* is misplaced. In *Dunlap*, the trial court reduced the plaintiff's award of fees to 2% of the requested amount because the plaintiff recovered just 2% of his requested recovery, which this Court correctly determined was unreasonable. 980 F.2d 153, 159-160 (2d Cir. 1992). That is simply not the case here—the District Court did not tie Plaintiff's award of attorney's fees directly to the proportion of his recovery compared to what he requested at trial.[2] Moreover, contrary to Plaintiff's argument, this Court acknowledged in *Dunlap* that, even in the case of a retrial, "a partially successful plaintiff should be awarded only that amount of fees that is reasonable in relation to the results obtained." *Id*. at 160.

Finally, Plaintiff takes issue with the District Court's application of the "reasonable paying client" standard to the reasonable number of hours expended on the case. Appeal at 11. Such a consideration, however, is well within the District

---

[2] Had the District Court applied a similar formula, Plaintiff would have been awarded approximately $7,800 in attorney's fees—representing 3.2% of his requested fees.

Court's discretion. *Millea v. Metro-North R.R.*, 658 F.3d 154, 167 (2d Cir. 2011) (noting that a district court may not adjust the lodestar based on factors already included in the lodestar, but "may use them to determine the reasonable number of hours the case requires").

Considering Plaintiff's limited degree of success, the District Court correctly reduced the requested attorney's fees, "with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." A-264, *quoting Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014). As the District Court stated, the reduction was "warranted to avoid a windfall, to render the fee award reasonable, and to incentivize both plaintiffs and defendants to act reasonably in fee-shifting cases." A-265.

C. The District Court Properly Considered Substantial Settlement Offers

Plaintiff's argument regarding the District Court's consideration of Defendant's Rule 68 Offer of Judgment misses the mark. In short, Plaintiff argues that because the underlying statutes, VOSHA and VESTA, do not define "costs" to include attorney's fees, the Rule 68 Offer of Judgment is irrelevant. Appeal at 14-16. In support of his argument, Plaintiff cites a number of cases describing the cost-shifting mechanism of a Rule 68, and explaining that it does not shift attorney's fees where the term "costs" is not defined to include them. Appeal at 14-16. Plaintiff's argument fails to address the pertinent issue.

8

The District Court did not shift attorney's fees to Plaintiff due to his failure to recover more at trial than Defendant's Rule 68 Offer of Judgment. Rather, the District Court considered the Rule 68 Offer in connection with its evaluation of Plaintiff's degree of success. As the District Court acknowledged, courts may consider evidence of settlement negotiations to determine a plaintiff's degree of success. A-265; *see also*, *Monsour v. New York State Off. for People with Developmental Disabilities*, No. 113-CV-00336, 2018 WL 3349233, \*15 fn. 20 (N.D.N.Y. July 9, 2018); *Lohman v. Duryea Borough*, 574 F.3d 163, 167–68 (3d Cir. 2009) (affirming the reduction of attorney's fees by over half the requested amount where the plaintiff would have achieved a greater result if the case settled [$75,000] as compared to the amount awarded at trial [$12,205]); *Moriarty v. Svec*, 233 F.3d 955 (7th Cir. 2000) ("Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply."); *Bidwell & Bidwell*, 173 Ore. App. 288, 292–93, 21 P.3d 161 (2001) (admitting evidence of letters sent during settlement negotiations to prove that one party did not pursue settlement in objectively reasonable manner); *cf. Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any

9

monetary benefits from the postoffer services of his attorney.") (citation and quotation marks omitted).[3]

Here, Plaintiff had multiple opportunities to settle for amounts that dwarfed his ultimate recovery, including both Defendant's Rule 68 Offer of Judgment and settlement discussions that culminated in a motion to enforce, which the District Court acknowledged. A-253; A-267. Moreover, as a matter of public policy, "[a] defendant should not be required to pay for every strategy decision made by a plaintiff if those decisions were either unreasonable or substantially reduced the plaintiff's overall success." A-267. Simply put, Plaintiff cannot refuse reasonable settlement offers to needlessly drive-up costs and fees and then expect to collect those costs and fees in full.

In sum, Plaintiff provides no basis for the Court to conclude that the District Court committed legal error, made a clearly erroneous factual finding, or that its decision to impose a 30% reduction in his attorney's fees was outside the permissible range of decisions. For all these reasons, the District Court's order regarding Plaintiff's award of attorney's fees should be upheld.

---

[3] Use of settlement negotiations here would not violate Rule 408 because it meets the rule's "other purpose" exception. *See, e.g., Master-Halco, Inc. v. Scillia, Dowling & Natarelli*, LLC, 739 F. Supp. 2d 125 (D. Conn. 2010) (use of settlement evidence fits the "another purpose" exception of Rule 408 where the evidence is not used for its probative value).

## II. The District Court Did Not Abuse Its Discretion in Reducing Plaintiff's Attorney's Fees 25% Due to Unreasonable Expenditure of Time

### A. Plaintiff's Attorney's Fees Are Inflated

As the District Court concluded and is evident from his time records, Plaintiff's counsel expended an unnecessary amount of time on various tasks and performed needless tasks that inflated his fees. This Court has acknowledged that such unnecessary and inflated time is simply not compensable. *Sands v. Runyon*, 28 F.3d 1323, 1333 (2d Cir. 1994) (noting that unreasonable expenditure of time when calculating attorneys' fees "includes hours that are excessive, redundant, or otherwise unnecessary") (internal quotations omitted).

"The relevant question is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" A-262, *quoting Grant v Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). "Hours that are excessive, redundant, or otherwise unnecessary[] are to be excluded; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Kirsch*, 148 F.3d at 173 (internal quotation marks and citations omitted). "[The Second Circuit] do[es] not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

11

Here, there are numerous time entries contained in the time records from Plaintiff's counsel, showing unnecessary time expenditures. For example, Plaintiff's counsel expended approximately 40 hours on a motion for reconsideration, which the District Court opined was excessive, particularly in light of the exacting standard applicable to a motion for reconsideration—not to mention his lack of success on the motion. A-263. Likewise, Plaintiff amended the complaint four times, which required not only time spent drafting the amendments, but also unnecessary motion practice. A-263. *Martinec v. Party Line Cruise Co.,* 350 F. App'x 406 (11th Cir. 2009) (affirming order reducing attorney's fees for time spent on frivolous motions); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 410 (7th Cir. 1999) ("We do not believe that a prevailing plaintiff . . . should be able to stick a defendant with attorney's fees that were incurred by the Plaintiffs' filing of . . . improper motions."); *see also Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256 (E.D.N.Y. 2021) (ordering relief to party forced to respond to frivolous motions).

Plaintiff argues that the motion for reconsideration cost $8,200 and the motions to amend the complaint totaled $3,669.50, for a total of just under $12,000 compared to the $60,000 reduction in fees. These specific expenditures, however, were merely examples, not an exhaustive list of unnecessary time Plaintiff's counsel devoted to this case. As this Court has previously held, the district court is also not required to outline an item-by-item list, and may instead "deduct a reasonable

12

percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Kirsch*, 148 F.3d at 173 (internal quotation marks and citations omitted); *Lunday*, 42 F.3d at 134. Based on the available record, there is sufficient evidence to support the District Court's 25% reduction for unnecessary time expenditures.

The District Court further acknowledged that, as a whole, Plaintiff's strategic decisions unnecessarily prolonged the case, and while the fee award was not reduced solely on that basis, the District Court noted that plaintiffs should not, as a matter of policy, be incentivized to expend time and resources above those required to effectively prosecute their case. A-263 to A-264.

Plaintiff, however, contends that his strategic decisions should not impact his award of attorney's fees, and specifically takes issue with the District Court's reference to his rejection of settlement offers (including a Rule 68 Offer of Judgment), various depositions, failed appeals,[4] and limited recovery in its decision on his fee application. While these various items were referenced in the decision, the District Court focused on the unnecessary expenditure of time. In its own words, "[a]n attorney's fees award should not incentivize the expenditure of above-average

---

[4] The District Court's decision does not in any way state that it reduced Plaintiff's award of attorney's fees based on his failed appeal to the Second Circuit and Supreme Court.

13

amounts of time on routine legal tasks. The court concludes that a discount of 25% is warranted on this basis." A-263 to A-264.

Moreover, many of the items Plaintiff contends the District Court improperly relied upon were explicitly not considered. For example, Plaintiff contends the District Court improperly relied on his strategic decision not to call every witness at trial that was deposed, based on solely on its statement "[t]he fact that Plaintiff did not use every witness deposed at trial or was not successful in every motion does not necessitate a finding that the hours expended were unreasonable." A-262 to A-263. Not only does the statement indicate the decision to use or not use various witnesses at trial was not the basis for reducing the award, but it is also the only reference to depositions outside the District Court's review of Plaintiff's counsel's unrelated practices of block billing and billing for travel time, which are not at issue in this appeal. Likewise, contrary to Plaintiff's contention, the District Court's statement does not indicate that it took into account the outcome of each motion over the course of the case.[5] A-262 to A-263.

_____

[5] Notably, while Plaintiff contends he was successful on every motion except his motion for reconsideration, the docket indicates that Plaintiff was, at most, only partially successfully in the majority of the motion practice in this case. *See e.g.*, A-3 (Dkt. No. 31 indicates partial success on the motion to dismiss); A-4 (Dkt. 51 indicates Plaintiff unsuccessfully opposed a motion for an extension) A-6 (Dkt. No. 74 indicates partial success on the summary judgment motion).

Likewise, Plaintiff further contends the District Court improperly considered settlement discussions in connection with the unnecessary expenditure of time. In doing so, Plaintiff characterizes his actions as declining a settlement offer, claiming that his decision should not be viewed in hindsight. Appeal at 16-17. Plaintiff's characterization is misleading. He did not simply decline settlement offers—as the District Court acknowledged, he accepted a settlement offer and then rescinded his acceptance, culminating in a motion to enforce.[6] A-262; A-13 (Dkt. Nos. 170 to 176 reflect a motion to enforce a settlement agreement filed by Defendant). Moreover, much of the authority Plaintiff cites in his argument involved trial courts declining to award fees after a plaintiff rejected a settlement offer, which is simply not the case here. *See e.g.*, *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) (reversing district court decision not to award fees for work performed after the plaintiff declined a settlement offer).

Taken as a whole, the available record supports the District Court's decision to reduce Plaintiff's award of attorney's fees based on his unnecessary expenditure of time, and Plaintiff has failed to identify any abuse of discretion.

---

[6] Not only did Plaintiff's rescission of his acceptance of a settlement offer prolong the case, it also resulted in motion practice that would have been otherwise unnecessary.

15

### III. The District Court Did Not Double-Count Any Factors In the Lodestar

While "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so would effectively double-count those factors," the lodestar can be adjusted by "factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation." *Millea*, 658 F.3d at 167.

Here, Plaintiff's attorney's fees were reduced by 25% due to the unnecessary expenditure of time, and by 30% to avoid the appearance or reality of a windfall. A-265 ("For the foregoing reasons, the court orders an additional across-the-board reduction of 30% of Attorney Pettersen's fees to reflect the degree of success achieved, together with a 25% reduction for unreasonable expenditure of time."). These independent reasons do not overlap. The 25% reduction for unnecessary time expenditures was largely motivated by Plaintiff's strategic decisions, which resulted in performing unnecessary tasks and needlessly prolonged the case as a whole. A-261 to A-264. Meanwhile, the District Court's reasoning on the 30% reduction was to avoid the appearance or reality of a windfall focused on Plaintiff's ultimate lack of success on his claim. A-264 to A-266. Notably, the time and labor required to effectively prosecute a case is one factor embedded in the lodestar, and the degree of success obtained is a separate consideration.

Additionally, while Plaintiff argues that the *Arbor Hill* factors are only relevant to the calculation of his hourly rate, they may also be used to determine the reasonable number of hours a case requires—a "permissible consideration and one that a trial judge is particularly well-situated to evaluate." *Millea*, 658 F.3d at 167. Accordingly, the District Court was within its authority to, for example, reduce the number of hours reasonably expended on the case based on what a reasonable paying client would be willing to pay. *Id*. Notably, the District Court did not reduce the hourly rate Plaintiff sought, meaning it only considered what a reasonable paying client would be willing to pay in connection with the time expended—again, meaning this factor was not counted twice. A-257.

Plaintiff has not demonstrated any impermissible double-counting, and the District Court's attorney's fees decision should not be disturbed on this basis.

## IV.  The District Court's Award of Attorney's Fees is Not Unreasonable

Finally, Plaintiff argues that an award of over $107,000 in attorney's fees is not sufficient to induce a capable attorney to take on a meritorious case. Appeal at 23. Plaintiff provides no support for this argument, and instead simply reiterates his feeling that the fee award here is insufficient. As discussed in greater detail above, both of the District Court's reductions were thoroughly reasoned and supported by both the available record and applicable law. Simply put, Plaintiff has not and cannot

17

demonstrate the award here was patently unreasonable, and, as a result, this Court cannot overturn the underlying award.

## CONCLUSION

For the foregoing reasons, the decision of the District Court should be affirmed, along with such relief the Court deems just and proper.

DATED: June 3, 2025          BOND, SCHOENECK & KING, PLLC

By: /s Paul J. Buehler, III
     Paul J. Buehler, III
Michael D. Billok
268 Broadway, Suite 104
Saratoga Springs, NY 12866
Telephone: (518) 533-3000
Fax: (518) 533-3284
*Attorneys for Defendant-Appellee*

18

### Certificate of Compliance With Type-Volume Limit, Typeface Requirements, And Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,102 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 in 14-point Times New Roman style.

DATED: June 3, 2025               BOND, SCHOENECK & KING, PLLC

                                  By: /s Paul J. Buehler, III
                                      Paul J. Buehler, III
                                  268 Broadway, Suite 104
                                  Saratoga Springs, NY 12866
                                  Telephone: (518) 533-3000
                                  Fax: (518) 533-3284
                                  *Attorney for Defendant-Appellee*

21339105.v5-6/3/25