In the
United States Court of Appeals
for the Second Circuit

_____

August Term 2025
Submitted: September 22, 2025
Decided: November 12, 2025

_____

No. 24-3122

_____

THOMAS COLE,
*Plaintiff-Appellant*,
v.
FOXMAR, INC., d/b/a Education
and Training Resources,
*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the District of Vermont
No. 18-cv-220, Christina Clair Reiss,
District Court Judge.

_____

Before:  RAGGI, WESLEY, and PÉREZ, *Circuit Judges*.

On appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

This case is about whether Vermont law permits trial courts to consider proportionality when assessing the reasonableness of an award of attorney's fees pursuant to two state statutes with fee-shifting provisions.  Plaintiff-Appellant Thomas Cole appeals from an award of attorney's fees under two Vermont statutes, the Vermont Occupational Safety and Health Act ("VOSHA"), 21 V.S.A. §§ 201–232, and the Vermont Earned Sick Time Act ("VESTA"), 21 V.S.A. §§ 481–

1

487.  Although Cole succeeded at trial and obtained judgment against his former employer, Defendant-Appellee Foxmar, Inc., on his VOSHA and VESTA claims, the District Court imposed two across-the-board reductions to his requested award of attorney's fees—one of twenty-five percent and the other of thirty percent.  We conclude that the twenty-five percent reduction in Cole's requested fee award was within the District Court's discretion.  In imposing the thirty percent reduction, however, the District Court improperly relied on proportionality in assessing Cole's degree of success in the litigation, which is not permitted by Vermont law.  Accordingly, we **VACATE** the District Court's award of attorney's fees and **REMAND** to the District Court to determine a reasonable fee award in light of applicable Vermont law.

---

WILLIAM PETTERSEN, Pettersen Law PLLC, Colchester, VT, *for Plaintiff-Appellant.*

PAUL J. BUEHLER, (Michael D. Billok, *on the brief*), Bond, Schoeneck & King, PLLC, Saratoga Springs, NY, *for Defendant-Appellee.*

---

MYRNA PÉREZ, *Circuit Judge*:

This case is about whether Vermont law permits trial courts to consider proportionality when assessing the reasonableness of an award of attorney's fees under two Vermont statutes with fee-shifting provisions.  Plaintiff-Appellant Thomas Cole appeals from a November 27, 2024 judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*) awarding attorney's fees under the Vermont Occupational Safety and Health Act ("VOSHA"), 21 V.S.A. §§ 201–232, and the Vermont Earned Sick Time Act

2

("VESTA"), *id.* §§ 481–487.  Although Cole succeeded at trial and obtained judgment against his former employer, Defendant-Appellee Foxmar, Inc., on his VOSHA and VESTA claims, the District Court imposed two across-the-board reductions in his attorney's fee award—a twenty-five percent reduction to account for billed hours the District Court found to be unreasonable, and a thirty percent reduction to avoid what the District Court concluded would be a windfall to Cole's attorney given the low dollar amount of the damages award.  Cole argues that these reductions were an abuse of the District Court's discretion.

We identify no error in the twenty-five percent reduction, which was within the District Court's discretion.  In imposing the thirty percent reduction, however, the District Court improperly relied on proportionality in assessing Cole's degree of success in the litigation, which is not permitted by Vermont law.  Accordingly, we vacate the District Court's award of attorney's fees and remand to the District Court to determine a reasonable fee award in light of applicable Vermont law.

## BACKGROUND

Plaintiff Thomas Cole sued Defendant Foxmar Inc. for unlawful retaliation in violation of the Vermont Occupational Safety and Health Act ("VOSHA"), 21 V.S.A. §§ 201–232, and the Vermont Earned Sick Time Act ("VESTA"), *id.* §§ 481–

3

487.  At trial, a jury found in favor of Cole on both claims and awarded him $3,215,943 in total damages, including $3 million in punitive damages.  Cole then moved for attorney's fees under VESTA and VOSHA.[1]

Upon Foxmar's motion, and before deciding Cole's motion for attorney's fees, the District Court ordered a new trial on the issue of damages, determining, *inter alia*, that the jury's punitive damages award was excessive.  *See Cole v. Foxmar, Inc.*, No. 18-cv-00220, 2022 WL 842881, at *15–19 (D. Vt. Mar. 22, 2022).  At the second trial, the jury awarded Cole $55,000 in compensatory damages and no punitive damages.  Cole appealed, and this Court affirmed the District Court's judgment.  *See Cole v. Foxmar, Inc.*, No. 23-87, 2024 WL 74902, at *4 (2d Cir. Jan. 8, 2024) (summary order).

Thereafter, Cole renewed his motion for attorney's fees, seeking $240,536.75 in fees and $18,407.98 in costs.  The District Court concluded that Cole was entitled to an award of reasonable attorney's fees under VESTA and VOSHA but awarded him significantly less in fees than he requested.  Specifically, the District Court

---

[1]      Under VESTA: "Any person aggrieved by a violation of this section may bring an action in the Civil Division of the Superior Court seeking compensatory and punitive damages or equitable relief, including restraint of prohibited acts, restitution of wages or benefits, reinstatement, costs, reasonable attorney's fees, and other appropriate relief."  21 V.S.A. § 397(b).  And under VOSHA: "An employee aggrieved by a violation of section 231 of this title may bring an action in Superior Court for appropriate relief, including reinstatement, triple wages, damages, costs, and reasonable attorney's fees."  *Id.* § 232.

4

imposed two across-the-board reductions to Cole's fee award.[2]  The first, a
reduction of twenty-five percent, was based on the District Court's conclusion that
Cole's attorney billed an unreasonable amount of time litigating this case.  The
second, a reduction of thirty percent, was based on the District Court's
determination that a downward adjustment was appropriate "based on [Cole's]
overall success."  *Cole v. Foxmar, Inc.*, No. 18-CV-00220, 2024 WL 4609023, at *7 (D.
Vt. Oct. 29, 2024).  Together, this amounted to a fifty-five percent reduction in the
amount Cole requested, resulting in an award of $107,381.59 in fees and $18,407.98
in costs.  *See id.* at *8 n.4 ("$238,625.75 × 0.55 = $131,244.16 subtracted from
$238,625.75 to yield $107,381.59.").[3]

---

[2]      Before applying the two reductions, the District Court reduced Cole's fee award by $1,911 to
account for billable hours spent completing administrative tasks, to which the District Court assigned a
different hourly rate. *See Cole*, 2024 WL 4609023, at *4.  That produced the $238,625.75 amount to which the
Court then applied the fifty-five percent reduction.

[3]      There is some ambiguity in the District Court's method for calculating Cole's fee award.  The
District Court did not explicitly identify a lodestar amount, but the substance of its analysis largely
proceeded along the two-step lodestar method. *See Cole*, 2024 WL 4609023, at *2 (referencing the lodestar
approach whereby a court "determines a 'presumptively reasonable fee' based on a reasonable hourly rate
and the reasonable number of hours required by the case" (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d
154, 166 (2d Cir. 2011))).  The District Court started by assessing a reasonable hourly rate.  It concluded that
Cole's proposed rate of $205 was reasonable, except for 14.70 hours spent on administrative tasks that
warranted a lower hourly rate. *See id.* at *3–4.  Then, the District Court determined the "reasonable number
of hours" spent litigating this case.  It concluded that Cole's attorney billed excessive hours and imposed a
twenty-five percent reduction—the first reduction at issue in this appeal. *Id.* at *5–6.  These steps essentially
amounted to the lodestar calculation.  Finally, the District Court applied an additional reduction—the other
reduction at issue here—of thirty percent "to render the fee award reasonable." *Id.* at *8.  However, the
District Court's math does not squarely align with the lodestar method.  The Vermont Supreme Court has
described the lodestar method as requiring a court to first calculate a lodestar amount and then to apply

5

Cole now appeals the District Court's award of attorney's fees. Cole argues that the District Court erred in imposing each of the two reductions. Additionally, he contends that the District Court's overall fee award was otherwise unreasonably low.

## STANDARD OF REVIEW

We review the District Court's award of attorney's fees for abuse of discretion. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010); *Beck Chevrolet Co. v. Gen. Motors LLC*, 787 F.3d 663, 679 (2d Cir. 2015) (applying abuse of discretion standard when reviewing a district court's fee determination under state law). The District Court abuses its discretion "when (1) [the court's] decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *McDaniel*, 595 F.3d at 416 (quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009)).

---

adjustments to *that* figure. *See Trevor v. Icon Legacy Custom Modular Homes, LLC*, 217 A.3d 496, 524–27 (Vt. 2019). In this case, that would have meant first applying the twenty-five percent reduction to account for reasonable hours, arriving at a lodestar figure, and then applying a thirty-percent reduction to *that* figure. Instead, the District Court applied both reductions to the requested fee amount (minus the small adjustment for administrative hours). This resulted in a slightly larger reduction in Cole's fee than if the two percentage reductions had been imposed successively, rather than being imposed at the same time to the same figure.

## DISCUSSION

Two Vermont statutes, VESTA and VOSHA, create Cole's substantive right to "reasonable attorney's fees." *See* 21 V.S.A. § 397(b) (VESTA); *id.* § 232 (VOSHA). Thus, Vermont law governs the method for calculating Cole's reasonable fee award. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) ("State law creates the substantive right to attorney's fees . . . .").

Consistent with the text of VESTA and VOSHA, the Vermont Supreme Court has said that "[f]or purposes of an award of attorney's fees under Vermont law, the touchstone is reasonableness." *Perez v. Travelers Ins. ex rel. Ames Dep't Stores, Inc.*, 915 A.2d 750, 755 (Vt. 2006). Under Vermont law, the process for "determining the reasonableness of a fee award" proceeds in two broad steps. *See Kwon v. Eaton*, 8 A.3d 1043, 1049 (Vt. 2010). First, courts calculate the "lodestar figure" by multiplying "the number of hours reasonably expended on the case . . . by a reasonable hourly rate." *Id.* (quoting *L'Esperance v. Benware*, 830 A.2d 675, 683 (Vt. 2003)). Second, "[t]he court may then adjust this amount upwards or downwards, depending on the circumstances of the case, including, among other

7

factors, 'the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation.'" *Id.* (quoting *L'Esperance*, 830 A.2d at 683).[4]

As explained above, after determining a reasonable hourly rate and imposing a small itemized reduction to account for administrative tasks, the District Court applied two separate downward adjustments to Cole's fee award—(1) when calculating the reasonable number of hours spent on the litigation, the District Court imposed a twenty-five percent downward adjustment to account for "the expenditure of above-average amounts of time on routine legal tasks[;]" (2) when assessing the overall reasonableness of the award, the District Court imposed an additional thirty percent reduction "based on Plaintiff's overall success." *Cole*, 2024 WL 4609023, at *6–8. Cole's appeal primarily challenges these two downward adjustments. We address each in turn.

## I. Twenty-Five Percent Reduction for Time Spent on Litigation

The District Court did not abuse its discretion by applying a twenty-five

---

[4]     The Vermont Supreme Court has cited the following twelve factors drawn from the U.S. Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Spooner v. Town of Topsham*, 9 A.3d 672, 675–76 (Vt. 2010) (quoting *Hensley*, 461 U.S. at 430 n.3).

percent downward adjustment.

The District Court concluded that Cole's attorney spent an excessive and unreasonable amount of time litigating this case and reduced the fee award by twenty-five percent on that basis. *Id.* at *5–6. The District Court reasoned that "there [was] no indication that Plaintiff's counsel was unable to perform other legal work or that the case was so demanding that it required extraordinary amounts of legal research or factual investigation," and that "the case was not one in which specialized expertise was required." *Id.* at *6. Moreover, the District Court considered it unreasonable that Cole attempted to seek certiorari from the United States Supreme Court in an appeal of the second damages award. *Id.* Finally, the District Court concluded that the amount of time Cole's attorney spent on various litigation tasks, including amending the complaint and moving for reconsideration, was unreasonable, excessive, and unnecessary. *Id.*

We discern no abuse of discretion in the District Court's analysis of this issue. "Due to the fact-specific nature of the analysis," Vermont courts "grant[] trial courts wide discretion in determining attorney's fees." *Spooner v. Town of Topsham*, 9 A.3d 672, 675 (Vt. 2010). Here, the District Court relied on factors that the Vermont Supreme Court has repeatedly recognized as appropriate when

assessing reasonableness. *See id.* at 675–76 (identifying "the time and labor required," "the novelty and difficulty of the questions," and "the preclusion of employment by the attorney due to acceptance of the case" as appropriate factors when considering an adjustment to the lodestar (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983))); *see also Trevor v. Icon Legacy Custom Modular Homes, LLC*, 217 A.3d 496, 525 (Vt. 2019) (finding that similar factors were appropriate considerations when calculating the lodestar). The District Court's application of these factors is supported by the record, does not rely on an erroneous application of Vermont law, and was otherwise within its "wide discretion." *See Walsh v. Cluba*, 117 A.3d 798, 805 (Vt. 2015).

## II.   Thirty Percent Reduction Based on Degree of Success

The same conclusion does not obtain as to the thirty percent reduction in Cole's fee award to account for his "overall success" in the litigation. *Cole*, 2024 WL 4609023, at *7.

In explaining this reduction, the District Court stated that it "consider[ed] the overall quantity and quality of relief [Cole] obtained" and reasoned that "a reasonable paying client would [not] be willing to spend $240,536.75 in attorney's fees to recover $55,000.00" in damages. *Id.* (citation modified). The District Court

concluded that "a truly disproportionate recovery"—that is, an award of attorney's fees that is substantially larger than the monetary relief obtained by the plaintiff—"does not satisfy VESTA's and VOSHA's requirements that any fee award be 'reasonable.'" *Id.* That analysis was wrong as a matter of Vermont law.

As a general matter, Vermont law permits trial courts to consider the litigation results obtained by a prevailing plaintiff in calculating a reasonable fee award. *See L'Esperance*, 830 A.2d at 683–84 (citing *Hensley*, 461 U.S. at 436 for the proposition that "the most critical factor" in determining a reasonable fee award where "a plaintiff has achieved only partial or limited success . . . is the degree of success obtained"); *Evans v. Cote*, 107 A.3d 911, 919 (Vt. 2014) (affirming a downward reduction in attorney's fees based on the trial court's assessment of the plaintiff's litigation results). Accordingly, a district court has discretion to reduce a fee award based on its assessment of the plaintiff's degree of success.

However, proportionality—*i.e.*, the mathematical relationship between a plaintiff's damages award and the plaintiff's attorney's fee award—is not a permissible measure of a plaintiff's degree of success under Vermont law. *See L'Esperance*, 830 A.2d at 684 ("An attorney does not receive a 'windfall' merely because the award of attorney's fees is not proportionate to the award of

11

damages." (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986))); *Kwon*, 8 A.3d at 1049 ("The question . . . is not whether the attorney's fee award is proportional to the damages, but rather whether the fee award is reasonable given the demands of the case."); *Walsh*, 117 A.3d at 806 (same); *Constr. Drilling, Inc. v. Eng'rs Constr., Inc.*, 236 A.3d 193, 204 (Vt. 2020) (same).

The rule against proportionality has particular force here because of the structure of VESTA's and VOSHA's fee provisions. These two Vermont statutes shift the burden for attorney's fees from a prevailing plaintiff to a losing defendant. *See* 21 V.S.A. § 232 (VOSHA); *id.* § 397(b) (VESTA). VOSHA authorizes fees only for people aggrieved by a violation of the "Employee rights" section of the Act, *id.* § 231, and VESTA authorizes fees for *employees* subjected to prohibited retaliation by their employer, *id.* § 397; *cf. State v. Whitingham Sch. Bd.*, 438 A.2d 394, 408–09 (Vt. 1981) (explaining that awarding fees only to prevailing plaintiffs "encourages suits to vindicate civil rights, and penalizes those who violate the law").

As the Vermont Supreme Court has repeatedly recognized, laws like VESTA and VOSHA are purposely "fashioned in order to promote and encourage prosecution of individual . . . claims." *Cf. L'Esperance*, 830 A.2d at 684 (quoting *Gramatan Home Invs. Corp. v. Starling*, 470 A.2d 1157, 1162 (Vt. 1983)) (discussing

12

the Vermont Consumer Fraud Act); *Whitingham Sch. Bd.*, 438 A.2d at 408–09 (applying similar analysis to construe the purpose of a one-sided fee-shifting provision in the Vermont Fair Employment Practices Act).  In other words, this type of fee-shifting provision reflects the legislative determination that "it is in the public interest to shift the burden of the expense to those responsible for the litigation . . . ."  *Bisson v. Ward*, 628 A.2d 1256, 1259 (Vt. 1993) (discussing the Vermont Residential Rental Agreements Act).

Requiring fee awards to be proportional to a plaintiff's damages award undercuts these purposes.  In cases "where damages are frequently low, the 'legislative intent would be frustrated if the courts were required to measure a fee award against the limited amount of recoverable damages in a consumer fraud claim.'"  *Vastano v. Killington Valley Real Est.*, 996 A.2d 170, 174 (Vt. 2010) (quoting *L'Esperance*, 830 A.2d at 684).  As our Court has put it, "[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery."  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2005) (discussing the Family Medical Leave Act); *see also City of Riverside*, 477 U.S. at 578 (observing with respect to claims under 42 U.S.C. § 1988: "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil

13

rights claims but relatively small potential damages to obtain redress from the courts . . . .").

At first glance, there may appear to be some tension between Vermont law's approval for some consideration of degree of success and its disapproval of proportionality. We understand Vermont law to permit consideration of the amount of damages awarded to a plaintiff as *one* measure of their success. *See Anderson v. Johnson*, 19 A.3d 86, 90–91 (Vt. 2011) (finding that an award of attorney's fees was erroneous because the plaintiffs' lawsuit "yielded no relief to plaintiffs, vindicated no significant legal rights, and advanced no broader public goals"); *accord Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). But considering a plaintiff's damages award as *one* factor relevant to the "ultimate question . . . [of] 'whether the fee award is reasonable given the demands of the case'" is not the same as reducing a plaintiff's fee award because it is disproportionate to the plaintiff's damages award. *Walsh*, 117 A.3d at 806 (quoting *Kwon*, 8 A.3d at 1049). Vermont law is clear that proportionality cannot be given such determinative effect, particularly in the context of a public welfare statute. *See Vastano*, 996 A.2d at 174; *McKinstry v. Fecteau Residential Homes, Inc.*, 131 A.3d 1123, 1129 (Vt. 2015).

14

When considering one-sided fee-shifting provisions under Vermont law, courts may not reduce a fee award just because it was larger than the amount of relief the plaintiff obtained. Nor can a trial court deem a fee award unreasonable solely because a plaintiff's damages award is small in absolute terms, or because the plaintiff "fail[ed] to receive all relief requested." *L'Esperance*, 830 A.2d at 684.

Here, it appears that the District Court substantially relied on proportionality to impose the thirty percent reduction in Cole's fee award. First, although the District Court stated that it was reducing Cole's fee award based on his "overall success" in the litigation, its overriding metric for measuring his success was a straightforward comparison between the amount Cole obtained in damages, the amount he sought, and his fee award. *Cole*, 2024 WL 4609023, at *7–8. As explained, under Vermont law, courts should not use the value of a plaintiff's damages award as the determinative metric of the plaintiff's degree of success, particularly where, as here, the plaintiff obtained far more than nominal damages under statutes that "serve[] broad public interests and offer[] an array of remedies." *Cf. Anderson*, 19 A.3d at 89–91 (discussing the Vermont Consumer Fraud Act).

15

Second, the District Court's consideration of what a "reasonable paying client" would be willing to pay improperly injected proportionality into its analysis. *Cole*, 2024 WL 4609023, at *7. Fee-shifting provisions like the ones in VESTA and VOSHA are designed for the precise purpose of facilitating access to attorneys for people whose claims may be worth less than the cost of representation. *See Bisson*, 628 A.2d at 1259; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425–28 (2d Cir. 1999) (rejecting the view that "an attorney's requested fee would be judged 'reasonable' if it were rationally related to the monetary recovery that the attorney could have anticipated *ex ante*" because, among other reasons, it impermissibly injected proportionality into a fee-shifting statute). In this case, the requirement that a fee award look reasonable to a rational paying client was just proportionality by another name and, thus, could not be determinative in a trial court's reasonable fee decision under Vermont law.

Third, the District Court's analysis relied on the erroneous premise that "a truly disproportionate recovery" cannot be reasonable. *Cole*, 2024 WL 4609023, at *7. Vermont law imposes no such maxim. There is no proportion between attorney's fees and damages awards that is *per se* excessive. To the contrary, the

Vermont Supreme Court has said that under fee-shifting statutes, an unreduced fee award can be appropriate even when the plaintiff obtains no damages at all:

> Indeed, even where *no* damages or other relief is awarded, or merely nominal damages are awarded, the purpose of a statutory fee-shifting provision may be served where the plaintiff has prevailed on a significant legal issue or accomplished some broader "public purpose" underlying the legislation by exposing, for example, "lawless conduct" or deterring future misconduct.

*Anderson*, 19 A.3d at 91 (quoting *Farrar*, 506 U.S. at 121–22 (O'Connor, J., concurring)); *see also Walsh*, 117 A.3d at 806 (affirming a fee award four times greater than the damages award); *Vastano*, 996 A.2d at 173–74 (affirming a fee award of over $55,000 where damages were less than $8,000).

Insofar as the District Court relied primarily on our Court's caselaw to reach the conclusion that Cole's fee award was disproportionate, such reliance was misplaced. "[W]e have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassim*, 415 F.3d at 252. And we have instructed that proportionality should never be "outcome determinative" in assessing the

17

reasonableness of a fee award under a fee-shifting statute.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).[5]

 In sum, the imposition of a thirty percent reduction in Cole's fee award relied on a mistake of Vermont law and thus the District Court exceeded its discretion.  The District Court was not without authority to conclude that Cole did not achieve complete success in this case, and, on remand, it may properly consider his results when assessing a reasonable fee award.  But its conclusion as to a reasonable fee award cannot be determined by the amount of Cole's damages award, considered either on its own or in proportion to the amount of the fee award.

## III.   Cole's Remaining Arguments

 Cole makes two additional arguments challenging the District Court's fee award.  First, Cole argues that the District Court improperly imposed downward

---

[5]      To be clear, as we have said, Vermont law alone governs the award of fees under VESTA and VOSHA.  The District Court's analysis was wrong as a matter of established Vermont law and that disposes of this case.  That said, our approach to proportionality is not entirely irrelevant, since the Vermont Supreme Court has frequently looked to federal law as persuasive authority for how to construe its own fee-shifting provisions.  *See, e.g., L'Esperance v. Benware*, 830 A.2d 675, 683–84 (Vt. 2003) (relying on U.S. Supreme Court cases *Hensley* and *City of Riverside* to assess fees under the Vermont Consumer Fraud Act); *Anderson*, 19 A.3d at 91 (using *Hensley* and *Farrar* as persuasive authority).  Of course, the Vermont Supreme Court has been clear that when it "cites federal or other State court opinions in construing provisions of the Vermont Constitution or statutes, [it] rel[ies] on those precedents merely for guidance and do[es] not consider [its] results bound by those decisions."  *Ferry v. City of Montpelier*, 296 A.3d 749, 756 (Vt. 2023) (quoting *State v. Wood*, 536 A.2d 902, 904 n.2 (Vt. 1987)).  Thus, while we offer a corrective for the District Court's misreading of our caselaw, we do not suggest that our law controls the outcome in this case.

18

adjustments to the lodestar based on factors already considered within the lodestar calculation.  Second, Cole argues that the District Court's fee award was otherwise unreasonable because it was not large enough to "induce a capable attorney to undertake the representation."  Appellant's Br. at 24 (quoting *Perdue v. Winn ex rel. Kenny A.*, 559 U.S. 542, 552 (2010)).  Because we have already concluded that the fee award must be vacated and recalculated in light of the District Court's error in imposing the thirty percent downward adjustment, we need not consider whether it was duplicative of the lodestar calculation, or whether the overall award would have been otherwise unreasonable.

## CONCLUSION

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in imposing the twenty-five percent reduction in Cole's fees.  However, the District Court's thirty percent reduction was an abuse of discretion because it was based upon an erroneous application of Vermont law.  Accordingly, we **VACATE** the District Court's award of attorney's fees and **REMAND** to the District Court to calculate a reasonable fee award consistent with this opinion.